## Alice Monroe, et al., v. Henry M. Millizen.

1. PLEA IN ABATEMENT—*when, does not lie.* A plea in abatement is
not a proper plea in a proceeding for partition.

2. LIS PENDENS—*when, does not appear.* A proceeding for partition
does not become *lis pendens* so as to constitute another suit pending
until all parties named as defendants therein have been served with sum-
mons (or voluntarily appear).

Proceeding for partition. Error to the Circuit Court of Moultrie
County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in
this court at the November term, 1903. Affirmed. Opinion filed March
16, 1904.

R. M. PEADRO, for plaintiffs in error.

E. J. MILLER, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of
the court.

This writ of error is prosecuted by plaintiff in error
Alice Monroe, using the names of her co-defendants below,
to reverse the decrees of partition and sale entered by the
Circuit Court of Moultrie County in a certain proceeding
for partition wherein defendant in error was complainant.

On February 27, 1903, defendant in error filed his bill for
partition of certain real estate in Moultrie County, making
plaintiffs in error defendants therein, and on the same day
service of summons was had on plaintiff in error Alice
Monroe, and written entry of appearance executed by her
co-defendants. Plaintiff in error thereupon filed her so-
called plea, averring in substance that she had filed her bill
for partition of the same premises in the same court on
February 16, 1903, making all the parties to that proceed-
ing parties to her bill and setting forth their interests
the same as in that case and asking for the same relief;
that summons had issued thereon out of said court but that
in the preparation of said summons, the clerk of the court
had inadvertently omitted the name of the complainant,
Henry M. Millizen, from said summons, which said inad-

vertence was well known to the complainant and his counsel at and before the filing of his bill; that said former cause remained undetermined; and concludes with a prayer that said second suit be dismissed. A motion was made by defendant in error to strike the plea from the files, and, subsequently, before any action was taken thereon by the court, so far as the record shows, another motion was made by defendant in error asking that such plea be set down for hearing. The cause was thereupon referred to the master to take and report proofs with his findings upon the bill and plea, and the master found and so reported, that defendant in error was entitled to a decree for partition as prayed in his bill, notwithstanding the plea. As we understand from the very obscure record, the exceptions of plaintiff in error Alice Monroe to the master's report were overruled, the plea was allowed to stand as her answer to the bill of defendant in error and the cause proceeded to decree for partition and decree of sale.

The only assignment of error argued here by counsel for plaintiff in error is that based on the action of the court in refusing to dismiss the bill for partition filed by defendant in error. If the plea filed by plaintiff in error Alice Monroe is a plea in abatement, it was improperly filed as such in this case. Section 21 of chapter 1, 1 S. & C. Statutes, 258, provides : " No plea in abatement shall be received in any suit for partition, nor shall such suit abate by the death of any tenant." Treating the so-called plea as an answer, in which capacity it was allowed to stand, it fails to aver such facts (and the proof established none beyond those averred) as constitute *lis pendens* or another suit pending. Service of summons had not been had on all parties named as defendants in the bill filed by plaintiff in error Alice Monroe, at the time defendant in error filed his bill for partition of the same premises, and such former suit was therefore not *lis pendens*, or another suit pending in respect to the latter suit, requiring its dismissal. Grant v. Bennett, 96 Ill. 513; Holbrook v. Ford, 153 Ill. 633; Allison v. Drake, 145 Ill. 500.

The chancellor did not err in refusing to dismiss the bill of defendant in error and the decrees will be affirmed. Costs to be taxed against plaintiff in error Alice Monroe.

*Affirmed.*