8208

### BRUNSON v. BRUNSON.

CONTEMPT—ALIMONY.—Refusal to obey an order requiring a defendant husband to pay temporary alimony and suit money is a civil contempt and stands or falls with the order requiring the payment. Where there is an appeal from an order adjudging temporary alimony, but none from an order adjudging defendant in contempt for not paying, the contempt order should be stayed pending the appeal upon appellant entering into bond.

Motion before Chief Justice Gary by defendant in case of Katie Brunson against Washington Brunson.

*Messrs. J. H. Clifton* and *H. P. Moise,* for the motion.

*Mr. L. D. Jennings,* contra.

May 17, 1912. MR. CHIEF JUSTICE GARY. This is an application before me at chambers, for an order staying proceedings in the above stated case, pending an appeal to the Supreme Court.

The main question argued before me was, whether such order should be granted, as there was not a separate appeal from the order of his Honor, Judge H. F. Rice, adjudging the appellant guilty of contempt, in refusing to obey the order of his Honor, Judge John S. Wilson, requiring him to pay certain sums of money for alimony, *pendente lite.*

In the case of *State v. Nathans,* 49 S. C. 199, 27 S. E. 52, the Court points out the incidents of civil contempt proceedings, as follows:

"The judgment in a civil contempt proceeding, is a judgment in a civil case, and if the order to which the civil contempt proceedings attached as an incident, is set aside for any cause, the proceedings in civil contempt fall with it. *Pelzer, Rodgers & Co.* v. *Hughes,* 27 S. C. 408. This case is an illustration of the principle announced. The defendant therein was ordered to turn over certain choses in action to a receiver appointed by the Court, and on failing or refusing to do so, was ruled to show cause, why he should not be attached for contempt. The rule was made absolute, *nisi.* On appeal from this order, as well as the order appointing a receiver, this Court held that the order appointing a receiver was erroneous, because no case was made for the appointment of a receiver, and so set it aside; then very briefly the Court said: 'This disposes also of the third question, as to contempt.' That was a clear case of civil contempt. If the proceedings in the case at bar, could be sustained as civil contempt proceedings, then, under the authority of *Pelzer* v. *Hughes, supra,* the order appealed from would have to be reversed, because the principal order to which it would attach, as incident, was set aside."

If the order requiring the appellant to pay alimony *pendente lite* should be set aside, then, the order adjudging the appellant guilty of contempt of Court, would fall with it. Under these circumstances the order of his Honor, Judge H. F. Rice, should be stayed pending the appeal to this Court, from the order of his Honor, Judge John S. Wilson,

upon the appellant entering into bond, to save the respond-ent harmless, by reason of this order, in the sum of five hundred ($500.00)) dollars, and it is so ordered.