Kellner v. Finkl, 207 Ill. App. 90.

Talitha H. Kellner et al., Appellants, v. Emma Finkl et al., Appellees.

Gen. No. 22,121.

1. PARTITION, § 49*—*when plea of pendency of prior action is good.* A plea which states that a bill of complaint in a partition proceeding was filed prior to a bill of complaint by another which requested substantially similar relief as to substantially the same property and similar parties in the same court, and which shows that the first cause is being prosecuted with diligence and is pending and undetermined, is good.

2. PLEADING, § 123*—*when plea deemed sufficient.* Where the truth of matter averred in a plea is not denied and no replication

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

is filed thereto on review, the plea will be considered sufficient and the rulings of the court thereon according to law.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed June 27, 1917. Rehearing denied July 13, 1917.

WYMAN, JURGENS & CARPENTER, for appellants.

HOLT, CUTTING & SIDLEY, for Edna Paulina Wahl.

EDGAR L. MASTERS, for George L. Herbert.

O'DONNELL & O'DONNELL, for appellees.    .

MR. JUSTICE TAYLOR delivered the opinion of the court.

Two partition suits having been begun, one after the other, on the same day, in the Superior Court, there has arisen the simple question whether the chancellor erred in ruling that the one that was begun first should take precedence.

The appellee, George L. Herbert, filed with the clerk of the Superior Court on May 15, 1915, his bill of complaint against the appellants and other defendants, which bill of complaint requested the partition of certain real estate. Later, on the same day, the appellants filed a bill of complaint against the appellee and others requesting a partition of substantially the same real estate. The two cases were docketed respectively as General Nos. 315,815 and 315,816.

To the bill of complaint (Gen. No. 315,816), pleas (substantially similar) were filed by George K. Schmidt, Charles J. Schmidt, trustees, Edna P. Wahl, individually and as guardian *ad litem,* Emma Finkl, Jeanette Schoeller, Agatha Herbert, K. E. Herbert, George K. Schmidt, guardian of certain minors, and George L. Herbert, all of which pleas set up as a de-

fense the prior commencement of the suit of George L. Herbert.

The plea of George L. Herbert, filed as aforesaid, on July 24, 1915, avers, *inter alia,* that he filed a bill of complaint on May 15, 1915, making defendant thereto all parties interested in the real estate described in the bill of complaint of appellants, and asked partition thereof, being the same relief prayed for in the bill of complaint of appellants; that the bill of complaint of appellee bore the General No. 315,815; that the summons, which was returned to the sheriff of Cook county and filed in said cause, showed that eight of the defendants in said cause were served with said summons on May 15, 1915; that all of the defendants therein were served with process in time for the June term, 1915, more than ten days before the first day of the said June term; that all of the defendants to appellee's bill of complaint, except three (who were complainants in appellants' bill of complaint), filed their answers to appellee's bill of complaint; that replications had been filed to said answers and that said cause. Gen. No. 315,815, was at issue except for certain exceptions and one demurrer, which are frivolous; that the former bill of complaint (Gen. No. 315,815) is pending in the Superior Court, undetermined and undismissed.

The appellee, George L. Herbert, was served by appellants with a copy of the bill of complaint of appellants on May 17, 1915. That bill of complaint bears the General No. 315,816.

On September 22, 1915, the chancellor entered an order, which is as follows:

"This cause coming on to be heard upon the motions of the complainants to strike from the files the respective pleas in abatement filed herein by George K. Schmidt and Charles J. Schmidt as trustees, and of Edna Paulina Wahl, individually and as guardian *ad litem* of Ernest Wahl and George Wahl, minors,

and of Kaspar Schmidt, George Schmidt, Edna Schmidt and Ernst Schmidt, and of George L. Herbert, and of Emma Finkl, Jeanette Schoeller, Agatha Herbert and Kate E. Herbert; and the court having heard the arguments of counsel in the premises, doth deny the several motions of the said complainants to strike said respective pleas from the files.

"Thereupon complainants move the court to set down for hearing as a matter of fact the said several pleas in abatement above mentioned, except the plea of the said defendant GEORGE L. HERBERT, which motion is denied by the court.

"Thereupon, on motion of the said several defendants, IT IS ORDERED BY THE COURT that said respective pleas be set down for argument; and upon such argument it is considered by the court that said pleas be allowed; wherefore the court doth ORDER, ADJUDGE and DECREE that the said bill of complaint herein be dismissed and that the defendants go without day, etc."

It is contended by appellants: (1) That a plea of a former suit pending is a plea in abatement and not permissible in partition proceedings; (2) that he is entitled on demand to a trial on the question of the fact raised by a plea in abatement; (3) that priority in service determines jurisdiction.

The Abatement Act (Revised Statutes), ch. 1, sec. 21 (J. & A. ¶ 21), reads as follows: "No plea in abatement shall be received in any suit for partition, nor shall such suit abate by the death of any tenant."

In *Monroe v. Millizen*, 113 Ill. App. 157, a case in which the court refers to the record as very obscure, and where the second suit proceeded to a hearing and decree, it was held that a plea in abatement was improperly filed, and that if it were considered as an answer, "in which capacity it was allowed to stand, it fails to aver such facts (and the proof established none beyond those averred) as constitute *lis pendens* or another suit pending." The court further said:

"Service of summons had not been had on all parties named as defendants in the bill filed by plaintiff

in error, Alice Monroe, at the time defendant in error filed his bill for partition of the same premises, and such former suit was therefore not *lis pendens*, or another suit pending in respect to the latter suit, requiring its dismissal."

In the latter case, the court cites *Grant v. Bennett,* 96 Ill. 513 (which holds that as to the rights of third persons in a piece of real estate, *"lis pendens* begins from the date of the service and not from the filing of the bill"); *Holbrook v. Ford,* 153 Ill. 633 (which holds that "as there was no service of process * * * no lien, equitable or otherwise, should have been required"); and *Allison v. Drake,* 145 Ill. 500 (which holds that "a *lis pendens* begins where a bill is filed, from the service of summons and not before, and where there is no service and the defendant does not appear, there is no *lis pendens"*).

All of the cases cited by Mr. Justice Baume, in *Monroe v. Millizen, supra,* are cases where it was necessary to determine the effect of an action or other proceeding in court upon rights acquired during its pendency. In the instant case, no question is presented relating to rights acquired by any third person after the filing of the bill of complaint of appellee, and before service of process on appellants. It is a contest between appellee and appellants as to which should be recognized by the court as having first legally requested the partition of certain property, and of which should the court take jurisdiction. The plea of the appellee alleges certain facts as to service on the defendants to appellee's bill of complaint, and we may assume therefrom that the bill of complaint first filed was being prosecuted with diligence. As to *lis pendens,* courts have held that under certain circumstances it existed only after service; they have also held in certain cases where, for example, the statute of limitations is pleaded, that the statute is tolled from the time of the issuance of the writ. Such matters, how-

ever, are not involved in the present case. The subject of *lis pendens,* although discussed at large, was not, as a subject, before the chancellor. The latter ruled, and only ruled, that a plea that stated that the bill of complaint of appellants was filed subsequently to the bill of complaint of appellee both requesting substantially the same relief as to similar property and parties and in the same court, was good. Of course in making that ruling he decided also that the statute in regard to pleas in abatement in partition suits should be interpreted rationally and not literally, and that in doing so it was inapplicable to the plea in this case.

Inasmuch as the plea of appellee shows that the bill of complaint of appellee was filed first, and that the cause was being prosecuted with diligence, we are of the opinion that to countenance the contention of appellants as sound would not tend to the orderly administration of justice, but rather to conflict and confusion.

As to the errors assigned by appellants, which concerned the way in which the pleas were taken up and considered by the chancellor, inasmuch as appellants did not deny the truth of what was averred and did not file a replication thereto, we are of the opinion that the pleas were sufficient and the ruling of the court according to the law. *Perry v. United States School Furniture Co.,* 232 Ill. 101. Finding no material error in the record, the judgment is affirmed.

*Affirmed.*