## Sidney C. Eastman, Trustee, Complainant, v. George S. Dole et al., Defendants.

## Henry W. Leman, Executor, Appellee, v. Sidney C. Eastman, Appellant.

## Gen. No. 23,289.

1. CONTEMPT, § 1*—*what constitutes criminal.* When the contempt consists of something done or omitted in the presence of the court, tending to impede or interrupt its proceedings or lessen its dignity, or, out of its presence, in disregard or abuse of its process, or in doing some act injurious to a party protected by the order of the court, which has been forbidden by its order, the contempt proceeding which follows is punitive, and the fine or imprisonment inflicted is by way of punishment for the wrongful act and to vindicate the authority and dignity of the courts, and such contempt is criminal contempt.

2. CONTEMPT, § 1*—*what constitutes civil.* Where a party to a civil suit, having the right to demand that the other party do some act for his benefit and to his advantage in the litigation, obtains an order of the court commanding it to be done, and the party so ordered refuses to do as directed, the court may proceed as for a contempt, and such contempt is civil contempt.

3. CONTEMPT, § 1*—*distinction as to objects of criminal and civil proceedings for.* In criminal contempt proceedings, the object of the proceedings is, by punishment of the wrongdoer, to vindicate and preserve the dignity and respect for the court, while in civil contempt proceedings the penalty inflicted is by way of execution of the court's order.

4. CONTEMPT, § 80*—*when civil proceedings for are at an end.* Civil contempt proceedings are at an end as soon as the party in whose interest the order of contempt was entered is satisfied.

5. CONTEMPT, § 70*—*when civil contempt order imposing fine is erroneous.* A civil contempt order imposing a fine of $500 "as a punishment" is erroneous, where the terms of the original order have been complied with.

6. CONTEMPT, § 70*—*what requisites of civil contempt order prescribing punishment.* Any order prescribing a fine or imprisonment, or both, in a case of civil contempt, should be made conditional upon compliance with the terms of the original order.

7. APPEAL AND ERROR, § 1109*—*when dismissal proper.* The existence of an actual controversy is an essential requisite to appellate

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

jurisdiction, and a reviewing court will dismiss an appeal or writ of error, where facts are disclosed which show that such a controversy does not exist, even though such facts do not appear in the record.

8.  APPEAL AND ERROR, § 1170*—*when only moot question involved.* Only a moot question is presented on an appeal in civil contempt proceedings, when the original orders on which the contempt proceedings were based have, since perfection of the appeal, been vacated and set aside in the same proceedings in which they were entered.

9.  CONTEMPT, § 74*—*when order finding trustee guilty of civil and imposing punishment reversed and not dismissed.* The appeal from an order finding a trustee, a party to a suit for the approval of his accounts and for his discharge, in contempt of court for refusal to pay money to certain persons, and ordering that he be imprisoned until he obeys the orders of the court, and until further order of court, or until he be released by due process of law, will not be dismissed where the original orders on which the contempt proceedings were based have, since perfection of the appeal, been vacated and set aside in the proceedings in which they were entered, but the order will be reversed.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed. Opinion filed March 12, 1919. Rehearing denied March 28, 1919. *Certiorari* denied by Supreme Court (making opinion final).

CHYTRAUS, HEALY & FROST, CARL V. WISNER and JOHN PETER BARNES, for appellant.

HENRY W. LEMAN, *pro se;* FRANK H. CULVER, of counsel.

MR. JUSTICE THOMSON delivered the opinion of the court.

Sidney C. Eastman, trustee of the estate of James H. Dole, deceased, filed his bill in equity, praying for the approval and settlement of his accounts and that he might be permitted to resign as trustee and turn over the estate to another who might be appointed by the court. The heirs and legatees under the will were

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Eastman v. Dole, 213 Ill. App. 364.

made parties defendant. The case was referred to a master and many hearings followed, covering an extended period of time.

During the course of this litigation three orders were entered, by different judges of the Circuit Court, directing the trustee to pay out money. The first order was entered April 7, 1915. This order directed the trustee to pay the sum of $5,000 to the solicitor for Frances E. Dole Leman, one of the life tenants under the trust, upon her giving bond conditioned to refund the sum so advanced, to the trustees, "in the event that in the adjustment of all the rights and equities herein * * * it be determined at any time hereafter that" said sum did not belong and was not due to her.

This order was complied with and the trustee paid over the $5,000 as directed on April 10, 1915.

The next one of these orders was entered on September 27, 1915, and called for the payment of a like amount to the solicitor for Mrs. Leman. About two weeks later, namely, on October 12, 1915, Mrs. Leman died, and her husband, Henry W. Leman, as executor of her estate, was substituted as a party to the litigation. The last of these orders was entered July 5, 1916, and directed the trustee to pay Henry W. Leman as executor of the estate of Frances E. Dole Leman, deceased, the sum of $2,500. In other respects this order was similar to the others. The trustee appealed from both of the last two of these orders but the appeals were dismissed. He never complied with either of them and in due time he was ordered to show cause why he should not be attached for contempt of court by reason of his failure to do the things he was directed to do by these orders, and after a hearing the court found that no sufficient cause had been shown by the trustee why he had not obeyed said orders, and that he had and did wilfully refuse to obey said orders and that his conduct had been and was contumacious and reprehensible and therefore the court, "ordered

and adjudged that said Sidney C. Eastman is guilty of a wilful contempt of this court and that he be and he is hereby fined therefor the sum of five hundred dollars ($500) as a punishment for said wilful contempt of this court, and that he be committed to the custody of the Sheriff of Cook County, Illinois, and confined in the County Jail of Cook County, Illinois, until he obeys said orders of this court of September 27, 1915, and July 5, 1916, respectively, and until the further order of this court, or until he be released by due process of law, and that the warrant of this court do issue, directed to the Sheriff of Cook County, Illinois, for that purpose and as is herein above ordered.''

In connection with his appeal from that order, the trustee has made a motion to reverse the order on the ground that after it had been entered and appeal therefrom had been perfected, the main case came on for final hearing in the trial court, and that in the adjustment of all the rights and equities of the parties therein, it had been determined that the sums in question did not belong and were not due to the parties to whom the trustee had been directed to pay them, and that in the final decree entered in said cause, the two orders, which the trustee had refused to obey as a result of which he had been adjudged in contempt of court, had been vacated and set aside.

The law applicable to this situation is not entirely free from difficulty, nor are the decisions in the various jurisdictions in complete harmony. But there can be no doubt of the fact that there is a clear distinction between criminal and civil contempt of court.

When the contempt consists of something done or omitted in the presence of the court, tending to impede or interrupt its proceedings or lesson its dignity or, out of its presence, in disregard or abuse of its process, or in doing some act injurious to a party protected by the order of the court, which has been forbidden by its order, the contempt proceeding which

follows is punitive and the fine or imprisonment inflicted is by way of punishment for the wrong act and to vindicate the authority and dignity of the People as represented in and by their judicial tribunals. This is what is known as criminal contempt. But where a party to a civil suit, having the right to demand that the other party do some act for his benefit and to his advantage in the litigation, obtains an order of the court commanding it to be done, and the party so ordered refuses to do as directed, the court may proceed as for a contempt, and this is what is known as a civil contempt. Whatever the court does in the latter class of cases, whether by way of ordering a fine or imprisonment, it acts for the purpose of advancing the civil remedy of the other party to the suit. While in such a situation, the public authority, as represented by the court, is vindicated, that result is incidental to the main object of the action of the court, which is remedial, or a means to the end that the suitor may benefit in the act thus compelled to be done. In the first class of cases the object of the proceeding is, by punishment of the wrongdoer, to vindicate and preserve the dignity of and respect for the court, while in the latter the penalty inflicted is by way of execution of the court's order. *Lester v. People,* 150 Ill. 408, 424, 425; *Crook v. People,* 16 Ill. 534, 538; *Buck v. Buck,* 60 Ill. 105, 106; *Leopold v. People,* 140 Ill. 552, 556, 559; *People v. Diedrich,* 141 Ill. 665, 669, 670; *Holbrook v. Ford,* 153 Ill. 633, 647; *Swedish American Tel. Co. v. Fidelity & Casualty Co. of New York,* 208 Ill. 562, 572; *O'Brien v. People,* 216 Ill. 354, 368, 369; *Hake v. People,* 230 Ill. 174, 185; *Barnes & Co. v. Chicago Typographical Union No. 16,* 232 Ill. 402, 409; *Rothschild & Co. v. Steger & Sons Piano Mfg. Co.,* 256 Ill. 196, 201.

In this class of cases the party litigant alone, in whose interest the order has been entered, is interested in its enforcement and, the moment he is satisfied, the contempt proceedings are at an end. A motion to commit for a civil contempt may be answered

by showing that the party in interest has waived it. *Holbrook v. Ford, supra.*

Where the order entered is directory, as it is where one party to a suit is directed to pay another a sum of money, and the order is not complied with, resulting in the party so failing to comply with the order being adjudged in contempt of court and he is fined or committed to jail, or both, and later the original order is vacated for any reason, the contempt proceedings necessarily fall. There could be no other result for, in such a contempt, the party in contempt could only be relieved of his contempt by his compliance with the order. *Swedish-American Tel. Co. v. Fidelity & Casualty Co. of New York, supra.* If, as a result of such alleged contempt, a fine were ordered, the respondent could not, by payment of the fine, absolve himself from contempt, nor could he do so by serving the term of imprisonment prescribed, if that is what the court ordered. *Lester v. People, supra.* And if, as a result of the alleged contempt, the court orders the respondent committed to jail, there to remain until he complies with the original order, as in the case at bar, and subsequently the original order is vacated and no longer exists, of what moment can the imprisonment be thereafter?

The contempt order appealed from was erroneous in imposing a fine of $500 "as a punishment." There is nothing in the record to show any criminal contempt on the part of the trustee, Eastman. Where an order is entered for the benefit of a party litigant, noncompliance with that order can never be construed as a criminal contempt but only as a civil contempt. In all such cases a compliance with the terms of the original order will entitle the respondent to his discharge and, whatever order may have been entered prescribing a fine or imprisonment, or both, becomes inoperative. It is, therefore, improper in such a case to impose a fine or a definite term of imprisonment "as a punishment"

for noncompliance with the terms of the original order. *Rothschild & Co. v. Steger & Sons Piano Mfg. Co., supra.* Any order prescribing a fine or imprisonment, or both, in a case of civil contempt should be made conditional upon compliance with the terms of the original order.

The contempt here involved, being civil only, fell when the original order was vacated and set aside. *Red River Potato Growers' Ass'n v. Bernardy,* 128 Minn. 153; *Brunson v. Brunson,* 91 S. C. 411, 74 S. E. 928; *State v. Nathans,* 49 S. C. 199, 207; *Pelzer, Rodgers & Co. v. Hughes,* 27 S. C. 408, 418; *In re Hall,* 10 Mich. 210.

Appellees have called our attention to a number of cases but in our opinion none of them are in point. In no case cited was there such a situation as the one involved here, where the original order was entirely directory and subsequently vacated.

Appellees contend that this court cannot consider matter *dehors* the record but must decide the issue on the record alone. This is not the law. The existence of an actual controversy is an essential requisite to an appellate jurisdiction, and a reviewing court will dismiss an appeal or a writ of error where facts are disclosed which show that such a controversy does not exist, even though such facts do not appear in the record. *Wick v. Chicago Tel. Co.,* 277 Ill. 338, 341; *Donahoe v. Owens,* 277 Ill. 318, 324.

The matter *dehors* the record, brought to our attention in the case at bar, consisting of a certified copy of the final decree entered in the trial court in the main case, as an incident to which this contempt proceeding arose, establishes the fact that the original orders on which the contempt proceeding was based have, since the contempt order was entered and this appeal therefrom perfected, been vacated and set aside in the very proceedings in which they were entered. That being the case, there is now nothing but a moot question pending before this court in this contempt proceeding.

This case, moreover, is not one in which the .appeal should be dismissed, because that would leave the contempt order to be enforced as rendered, which the facts, which have been presented in support of this motion, show is no longer possible. The trustee could not be committed to jail there to remain until he had complied with orders which have since been vacated. *Gulf, C. & S. F. Ry. Co. v. Dennis*, 224 U. S. 503. Of course he could be committed and immediately discharged on *habeas corpus*, on the strength of the vacation of the original orders in and by the final decree, but the law will not require a useless thing to be done.

For the reasons stated, the motion is allowed and the order appealed from is reversed.

*Reversed.*