In the Matter of Twila DECKER, Appellant. In re the STATE,
Respondent v. Susan SMITH, Respondent.

(471 S.E. (2d) 459)

Supreme Court

June 15, 1995.

## ORDER

Appellant, a reporter for *The State* newspaper, has appealed
a circuit court order holding her in civil contempt. She now
asks this Court to declare that enforcement of the order is au-
tomatically stayed during the pendency of this appeal pur-
suant to Rule 225, SCACR. If the Court determines that the
order is not automatically stayed, appellant asks this Court to
issue a writ of supersedeas to prevent her incarceration dur-
ing the pendency of this appeal.

The attorney General and the Solicitor for the Sixteenth Ju-
dicial Circuit oppose any stay of the order on appeal. Respon-
dent Smith has taken no position on this matter.

.The circuit court directed the South Carolina Department of Mental Health (Department) to conduct an examination of Smith's mental state for both competency and criminal responsibility. On May 16, 1995, the circuit court issued an order allowing the solicitor and defense counsel to have access to the report generated as a result of the Department's examination. The order instructed the solicitor and defense counsel to maintain the confidentiality of the report and prohibited them from further disclosing the report "to any witness whose knowledge of the report is not essential to the preparation of this case." The order further prohibited any witness given access to the report from further divulging information regarding the report.

On May 25, 1995, *The State* newspaper published an article written by appellant that reported a summary of portions of the report based upon information obtained by appellant from confidential sources. On May 26, 1995, the circuit court took testimony from the Chief of Public Safety with the Department who testified that he had conducted an investigation of those persons at the Department who had handled the report and concluded there had been no leak. The court then inquired as to the security measures of the Solicitor's Office and defense counsel's offices; both offices denied any leak. The circuit judge concluded the leak regarding the report could not have come from his chambers.

The court then questioned appellant who admitted, under oath, that she had entered into a contract of confidentiality with a source; she refused to reveal the identity of her source. After receiving a warning from the court that she could be held in contempt, appellant again refused to divulge the identity of her source and, by oral order, the court held her in contempt of court and ordered her incarceration. The court stated that the contempt could be purged by revealing the identity of her source to the court. By order dated June 7, 1995, the court issued a written order denying appellant's petition for a writ of supersedeas, but did temporarily stay any incarceration until June 16, 1995, to give this Court an opportunity to consider granting a writ of supersedeas.

Appellant argues the service of the notice of appeal automatically stays her incarceration under Rule 225, SCACR. We disagree.

As a general rule, Rule 225 provides that the service of a notice of appeal in a civil matter acts to automatically stay the relief ordered in the order under appeal. The Rule also recognizes that exceptions to this general rule can be found in "statutes, court rules, and case law" and then sets forth "[a] list of some, but not all, of the types of orders" which are not automatically stayed by an appeal.

Regarding civil contempt, this Court implicitly recognized in *Brunson v. Brunson*, 91 S.C. 411, 74 S.E. 928 (1912), that civil contempt is not automatically stayed. Therefore, we conclude that an order holding a person in civil contempt is not automatically stayed by the taking of an appeal. *See also* 17 C.J.S. *Contempt* § 121(b)(1963) ("[g]enerally, an appeal will not of itself stay a judgment of contempt. The giving of a bond may be required.").

Having determined that there is no automatic stay, this Court must determine if we should exercise our discretion to issue a writ of supersedeas. Appellant asserts the order violates her qualified privilege under both S.C. Code Ann. § 19-11-100 (Supp. 1994) and under the First Amendment to the United States Constitution. *LaRouche v. National Broadcasting Co.*, 780 F. (2d) 1134 (4th Cir. 1986).

This Court has not previously had an opportunity to interpret the qualified privilege given to news media under S.C. Code Ann. § 19-11-100 (Supp. 1994). Nor has this Court had the opportunity to consider if a qualified privilege exists under the First Amendment to the United States Constitution, and if so, how such a.privilege is to be applied. In light of these novel questions, we believe that it would be inappropriate to incarcerate appellant during the pendency of this appeal. Accordingly, we grant a writ of supersedeas staying appellant's incarceration during the pendency of this appeal.

If the order is ultimately upheld on appeal, the delay in enforcing this order may adversely impact the ability of the judge to insure both the criminal defendant and the State a fair trial in the capital case. Therefore, the following expedited appeal procedure shall be followed:

(1) Appellant shall, within seven (7) days of the date of this order, serve and file a Record on Appeal which contains a complete transcript of all relevant hearings, any

exhibits introduced and the relevant orders. At the same time, appellant shall also serve and file her brief.

(2) Within seven (7) days of the date of service of appellant's brief, the respondents shall serve and file their briefs.

(3) Within three (3) days of the date of service of respondents' briefs, appellant may serve and file a reply brief.

The number of copies of the Record on Appeal and briefs to be served and filed shall be the same as that provided by Rules 209 and 210, SCACR. The parties are warned that no extensions of these time periods will be granted. The appeal will be scheduled for oral argument before this Court on July 6, 1995, at 11:00 a.m.

Nothing in this order shall be construed as prohibiting the circuit court from taking further action to discover the identity of the person or persons who may have violated its order of May 16, 1995, other than the enforcement of the order of civil contempt which is on appeal to this Court.

IT IS SO ORDERED.

/s/ <u>Ernest A. Finney</u>, C.J.
/s/ <u>Jean H. Toal</u>, A.J.
/s/ <u>James E. Moore</u>, A.J.
/s/ <u>John H. Waller, Jr.</u>, A.J.
/s/ <u>E.C. Burnett, III</u>, A.J.