THE PEOPLE ex rel. PEARLINE DOSS, Plaintiff-Appellee, v. MURPHY DOSS, Defendant-Appellant.

First District (5th Division) No. 61307

Opinion filed December 23, 1975.

Charles Linn and Barbara Samuels, both of Legal Assistance Foundation, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Stephen R. Swofford, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This appeal involves the propriety of a sentence for violation of the Non-Support of Spouse and Children Act[1] (hereafter the Act). On Janu-

---

[1] Ill. Rev. Stat. 1967, ch. 68, par. 24 *et seq.*

,ary 29, 1969, defendant was found guilty of nonsupport, a misdemeanor under section 1 of the Act in that "without any lawful excuse" he had neglected or refused to provide for the support of his wife. The Act provides a penalty of a fine not to exceed $600 or imprisonment for a period not to exceed one year, or both. As an alternative, or in addition thereto, section 4 of the Act authorizes the court to order support payments for a period of three years and, should the terms of such an alternative order be violated, section 5 empowers the court, *inter alia,* to sentence under the original conviction.

. When defendant was convicted in January, 1969, he was neither fined nor sentenced, but the alternative procedure of a support order was entered requiring defendant to make payments of $25 weekly to his wife. Later, when defendant's wife became a public aid recipient, the court ordered the payments to be made to the Illinois Department of Public Aid. Defendant did not make the payments as ordered and, after a hearing on March 8, 1972, was sentenced to 60 days in the House of Corrections. The court, however, stayed the mittimus and entered what is termed a "bring back" order,[2] stating, "I am going to give you till May 9 to come up with three hundred dollars on what you owe." Defendant did not "bring back" the $300 nor did he appear on May 9. A warrant for his arrest was issued and, when apprehended in early 1974, he was ordered to and did post a $700 bond. Subsequently, at a hearing held on March 15, 1974, he was ordered to "bring back" $630 (the amount of his bond less court costs) on April 5, 1974. That amount was paid and credited toward the outstanding arrearage.

At the next hearing, on July 30, 1974, defendant was sentenced to 90 days in the House of Corrections. It appears from the record that he was indigent at that time and, in fact, was receiving public assistance. A $400 "bring back" order was entered, but the mittimus was not stayed and defendant was confined in the House of Corrections for three days, being released when the $400 was paid and credited on his arrearage. A motion to vacate the order of July 30, 1974, was then denied, and this appeal follows therefrom. Defendant contends that the order of July 30, 1974, constituted double jeopardy, deprived him of equal protection rights, and was not supported by the weight of the evidence.

OPINION

On oral argument, counsel for defendant agreed that the disposition of this appeal is dependent upon the legal effect of the "bring back" portion

---

[2] It is apparently a practice in the trial court to allow convicted nonsupport defendants the opportunity to "bring back" an amount of money as a payment on arrearage and thereby avoid imprisonment. This procedure is to effectuate the purpose of the Act; *i.e.,* to provide for the support and maintenance of spouse and children.

of the March 8, 1972, order, which he contends was a fine. He argues that the order provided for imprisonment or a $300 fine and, when defendant thereafter paid $630, he had satisfied the order. As a consequence, he maintains his imprisonment sentence on July 30, 1974, constituted double jeopardy.

From our review of the record, we believe that at the time of defendant's conviction for nonsupport in January of 1969, the court exercised its discretion under section 4 of the Act to postpone sentencing. Instead, it ordered payments made so that defendant might begin to support his wife, inasmuch as he was then employed and able to make such payments. When he failed to do so, the court, in entering its order of March 8, 1972, was following the mandate of section 5 of the Act, which provides in pertinent part that the court may "sentence him or her under the original conviction, or enforce the suspended sentence, as the case may be." Thus, it appears clear to us that on March 8, 1972, the court sentenced defendant to 60 days in the House of Corrections on the January, 1969 conviction for nonsupport.

■■ We do not believe that by its "bring back" order on that date the court was also imposing a fine. Generally, a fine is a pecuniary punishment for a violation of law and relates to a criminal offense. (19 Ill.L.&Pr. *Fines, Forfeitures & Penalties* § 2 (1956).) A reading of the transcript indicates that the trial judge merely agreed to stay imprisonment until May 9, 1972, so that defendant could pay $300 towards what he owed on his arrearage. By its action, the court retained the option on May 9 to commit defendant, to further stay his commitment, or to suspend or vacate his sentence. In view thereof, we think the "bring back order was not a pecuniary punishment and should not be considered a fine. It can only be construed as referring to a payment on the arrearage, which was entirely in keeping with the purpose of the Act; namely, to assure that defendant fulfilled his responsibility to support needy dependants. Furthermore, the stay of mittimus was for defendant's benefit and was agreed to by him. Such a stay was clearly within the court's power. *State v. Headrick*, 54 Ill.App.2d 44, 203 N.E.2d 157, *cert. denied*, 381 U.S. 945; 15 Ill.L.&Pr. *Criminal Law* § 832 (1968).

■■ In light of the above, we believe that the only matter remaining before the court on July 30, 1974, was the enforcement of the suspended 60-day sentence of March 8, 1972. In effect, the court by its 90-day commitment order of July 30, 1974, imposed a new sentence. The State attempts to justify the latter order as a sentence for contempt because of defendant's failure to make the payments ordered in January, 1969, on the theory that defendant having been employed at that time and for a period afterwards had the means to make the payments ordered. We

believe, however, that the hearing cannot be construed a direct criminal contempt proceeding, since the offense did not occur in the court's presence (*People v. Bialek*, 31 Ill.App.2d 281, 175 N.E.2d 278); nor can it be considered an indirect criminal contempt proceeding, because the necessary formalities of due process enunciated in *People v. Javaras*, 51 Ill.2d 296, 281 N.E.2d 670, *i.e.*, an admonishment of the charge by information, notice, citation, or rule to show cause and an opportunity afforded to file an answer thereto were not extended here. Furthermore, if the proceedings were to be considered a civil contempt, the imprisonment sentence would be improper, as defendant was then indigent and unable to pay. Having no funds with which to satisfy the $400 "bring back" order or to make other payments on his arrearage, he did not have the means whereby he might hold the "keys to his cell." (*Sullivan v. Sullivan*, 16 Ill.App.3d 549, 552, 306 N.E.2d 604.) Thus, if his commitment was for a civil contempt, it would have been constituted an unlawful imprisonment for debt. (*People v. LaMothe*, 331 Ill. 351, 163 N.E. 6.) Neither could the proceeding be construed as a second trial for the same nonsupport as that would clearly constitute double jeopardy. We therefore conclude that the trial court improperly imposed the additional 90-day sentence by its order of July 30, 1974, and that order will be reversed.

Inasmuch as the effect of a reversal is to abrogate the judgment or order reversed and leave the case as it stood prior to the entry of the decree or judgment (*Ure v. Ure*, 223 Ill. 454, 79 N.E. 153; Ill.L.&Pr. *Appeal & Error* § 960 (1953)), a party receiving benefits from the erroneous order or judgment must, after reversal, make restitution (*Willett Co. v. Carpentier*, 4 Ill.2d 407, 123 N.E.2d 308; *First National Bank v. Road District No. 8*, 389 Ill. 156, 58 N.E.2d 884). Accordingly, we hold that the defendant may recover the $400 paid by him to effect his release from imprisonment. The record discloses this amount was borrowed from relatives, and we believe it was paid under compulsion of the erroneous sentence.

■■ Finally, we note that on oral argument counsel for defendant agreed that should this court decide the "bring back" order of March 8, 1972, was not a fine, as we have above, then the 60-day sentence in the House of Corrections imposed by that order would remain in effect. Counsel argued, however, that defendant should be given credit for the days served under the erroneous order of July 30, 1974. We agree, and order that defendant be given credit for the number of days served on the existing 60-day sentence.

The order of July 30, 1974, is reversed, and this cause is remanded with directions to give defendant credit on the March 8, 1972, sentence of 60

370

days in the House of Corrections for the time served pursuant to the erroneous July 30, 1974, order.

Reversed and remanded with directions.

BARRETT, P. J., and LORENZ, J., concur.