THE PEOPLE *ex rel.* WILLIAM J. SCOTT, Attorney General of Illinois, Plaintiff-Appellee, *v.* POLICE HALL OF FAME, INC., *et al.*, Respondents-Appellants.

First District (1st Division)    No. 77-859

Opinion filed March 5, 1979.—Rehearing denied April 23, 1979.

Charles I. Calisoff and Daniel Hoseman, both of Chicago (Clyde O. Bowles, Jr., of Bowles & Ward, of counsel), for appellants.

William J. Scott, Attorney General, of Chicago (Robert D. Ericsson, Assistant Attorney General, of counsel), for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

In these proceedings Patrick J. Gorman, Martin D. Gorman, Helix, Inc., Washington Information Services, Inc., and Patrick J. Gorman Consultants, Inc. (respondents), appeal from various orders entered in a citation proceeding for discovery of assets, including an order finding the individual respondents in contempt of court and sentencing them to imprisonment for 90 days.

In this court respondents urge reversal of the various orders appealed from because the underlying judgment was stayed prior to commencement of the supplementary proceedings; no money judgment upon which a citation to discover assets or an execution could issue was ever entered; the courts of Illinois lack jurisdiction over respondents; the trial court improperly denied petitions of respondents for change of venue so that all subsequent orders, including the order holding the individual respondents in contempt, are void and the underlying judgment upon which the citation was brought no longer exists.

For an understanding of the background of this appeal, it is essential to consult *People ex rel. Scott v. Police Hall of Fame* (1978), 60 Ill. App. 3d 331, 376 N.E.2d 665, *appeal denied* (1978), 71 Ill. 2d 614. That opinion of this court contains a complete and thorough exposition of all of the pertinent facts. The opinion was filed April 26, 1978, and petition for rehearing was denied June 7, 1978. The appeal was taken from a judgment order entered October 19, 1976, and modified by the trial court *sua sponte* on October 22, 1976, which required the respondents to pay $417,928 in compensatory damages and $150,000 in punitive damages. The judgment order found the respondents were constructive trustees of these funds and they were ordered to deliver and pay the amounts of damages to trustees appointed by the trial court. The portion of the judgment order awarding punitive damages was reversed by this court. In addition, this court directed (60 Ill. App. 3d 331, 350):

"That part of the order requiring the aforementioned defendants [respondents] to pay the State compensatory damages also is affirmed; however the cause is remanded for further proceedings consistent with the holdings of this opinion to determine the amount of compensatory damages to be awarded."

On November 12, 1976, respondents filed a post-trial motion to vacate or modify the judgment of October 19, 1976. On November 15, 1976, the respondents were served in Maryland with a citation to discover assets. Respondents filed special and limited appearances and a motion to

quash service of the citation. They raised the issues that the trial court lacked subject matter jurisdiction; no money judgment was ever entered upon which a citation to discover assets could have issued; and the judgment had been stayed by the filing of the post-trial motion. Respondents also filed a petition for change of venue. In due course all of these various motions were denied by the trial court.

In addition, a motion by respondents for leave to proceed with an interlocutory appeal (Ill. Rev. Stat. 1977, ch. 110A, pars. 308(a) and 308(e)), was filed and denied. A second petition for change of venue was denied. The trial court entered an order directing the individual respondents to appear in court for the citation hearing on January 10, 1977. Upon their failure to appear, a motion of the Attorney General for entry of a rule to show cause against them was allowed. The citation hearing was continued to March 11, 1977, and respondents again failed to appear. The hearing was again continued to March 14, 1977, and again the individual respondents did not appear. The trial court found them in contempt and sentenced each to a jail term of 90 days.

In our opinion, the decisive issue in this case is a determination of whether supplementary proceedings in the form of a citation to discover assets remain viable where the judgment upon which they are based has been reversed by this court and the cause remanded for further consideration of the amount for which the respondents are liable.

■■■ As a general proposition, when a judgment or order is reversed, the effect is to abrogate the judgment or order and leave the case as it stood prior to the entry thereof. (*People ex rel. Doss v. Doss* (1975), 35 Ill. App. 3d 365, 369, 342 N.E.2d 60; *Loy v. Booth* (1974), 16 Ill. App. 3d 1077, 1081, 307 N.E.2d 414.) Since the underlying judgment was reversed, it would seem to follow with complete logic that any actions for collection of that judgment must necessarily fail. As stated in *Alsen v. Stoner* (1969), 114 Ill. App. 2d 216, 224-25, 252 N.E.2d 488, "[s]upplementary proceedings to collect, of whatever nature, must derive their support from the main judgment, and if the main judgment fails the right to collect in such proceedings must also fail." Additionally, in *Colon v. Marzec* (1969), 116 Ill. App. 2d 278, 253 N.E.2d 544, this court held that where the underlying judgment in a garnishment proceeding had been reversed, the garnishment judgment must also be reversed and the cause remanded with directions that the garnishment writ be quashed and all proceedings thereunder be dismissed. In view of the above, we conclude that the citation to discover assets should be quashed and all proceedings thereunder be dismissed.

The question now remains as to whether the contempt orders may stand against the individual respondents Patrick J. Gorman and Martin D. Gorman. In our opinion, the determination of this issue depends upon

whether the respondents were found guilty of criminal or civil contempt. The order of contempt merely states that the court found the respondents in contempt of court, but does not indicate which type of contempt. Consequently, we must look to the circumstances surrounding the case and the purpose of the contempt citations to categorize the type of contempt here involved.

Briefly stated, criminal contempt consists of conduct directed against the dignity and authority of the court. Civil contempt consists of violation of an order of the court in a civil action for the benefit of an opposing party. The proceedings in a criminal contempt are instituted to vindicate the authority of the court. The punishment inflicted is punitive in nature. The proceedings in a civil contempt are instituted to compel or coerce obedience to an order or decree of the court previously given for the benefit of the opposing litigant. (See *People v. Marcisz* (1975), 32 Ill. App. 3d 467, 470, 334 N.E.2d 737, *aff'd in part, rev'd in part* (1976), 65 Ill. 2d 206, 357 N.E.2d 477.) Civil and criminal contempt may both "entail similar characteristics." (*County of Cook v. Fry Roofing Co.* (1974), 59 Ill. 2d 131, 135, 319 N.E.2d 472.) As between these types of contempt, "[t]he line of demarcation in many instances is indistinct and even imperceptible." *People ex rel. Chicago Bar Association v. Barasch* (1961), 21 Ill. 2d 407, 409, 173 N.E.2d 417.

Whatever the court does in cases of civil contempt, whether by way of fine or imprisonment, "it acts for the purpose of advancing the civil remedy of the other party to the suit." (*Eastman v. Dole* (1919), 213 Ill. App. 364, 368.) Also, in civil contempt cases, the party litigant alone is interested in enforcement of the order and the dignity of the court is only incidentally involved. (*Sullivan v. Sullivan* (1973), 16 Ill. App. 3d 549, 552, 306 N.E.2d 604.) Thus, the moment the party litigant is satisfied or no longer has a right to satisfaction, the contempt proceedings are at an end. *Eastman*, 213 Ill. App. 364, 368.

In the instant case, the individual respondents failed to appear in response to the citation to discover assets apparently due to their belief that the trial court had no personal jurisdiction over them. To advance the citation proceedings, the trial court ordered that the respondents appear on March 14, 1977. This order was for the benefit of the plaintiffs. The character of the contempt was, therefore, in our opinion, civil. An order finding respondents in civil contempt of court would ordinarily provide that the respondents could purge themselves of contempt and be discharged from custody upon obedience to the original order directing their appearance. *Sullivan*, 16 Ill. App. 3d 549, 552.

Since the supplementary proceedings must be dismissed, it is impossible for respondents now to obey the original order entered therein. The findings of contempt, being civil only, must therefore fall

with the supplementary proceedings. See *Eastman*, 213 Ill. App. 364, 370.

In view of our disposition of this question, we need not consider the remaining issues presented by the parties. The orders appealed from pertaining to the supplementary proceedings are accordingly reversed and the citation proceedings are quashed.

Orders reversed; citation proceedings quashed.

McGLOON and O'CONNOR, JJ., concur.