JOHN WASHINGTON, Plaintiff-Appellant, v. CIVIL SERVICE COMMIS-
SION OF THE CITY OF EVANSTON, Defendant-Appellee.

First District (1st Division)  No. 84—2417

Opinion filed July 21, 1986.

Kenneth N. Flaxman, of Chicago, for appellant.

Jack M. Siegel, of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, John Washington, appeals from the circuit court's affirmance of the decision of the civil service commission of the city of Evanston (the commission) discharging plaintiff as a police officer of Evanston because of his solicitation of sex from a woman on the night of June 16 and the early morning hours of June 17, 1982. Plaintiff contends that the commission lacked jurisdiction to discharge him because he had already been discharged for another offense. We affirm.

Twice before Washington has appealed to this court from adverse decisions concerned with his use of his position as a police officer to solicit sex from women. *Washington v. Civil Service Com.* (1981), 98 Ill. App. 3d 49, 423 N.E.2d 1136 (1978 offense); *Washington v. Civil Service Com.* (1983), 120 Ill. App. 3d 822, 458 N.E.2d 952 (1980 offense).

The record discloses the following as to the case at bar.

On June 16 and 17, 1982, Washington, while on duty and in uniform and using his position of authority, improperly attempted to solicit sex from a woman. On August 5, 1982, charges were filed against him and he was suspended. He was served with the charges and notice of suspension on August 10, 1982. Hearing was initially scheduled for September 30, 1982, but was continued several times. On March 25, 1983, Washington moved to dismiss for want of jurisdiction because he

had already been discharged for a prior offense. The motion to dismiss was denied and the hearing was continued to April 13, 1983. On April 28, 1983, Washington filed a complaint for an injunction and restraining order. Both were denied the following day. Hearing was further continued and on August 3, 1983, the hearing officer issued his decision, ordering Washington discharged. On November 15, 1983, complaint for administrative review was filed.

Washington moved for judgment on the pleadings on May 3, 1984, to which defendant filed an answer on June 15, 1984. Washington's motion for judgment on the pleadings was denied July 23, 1984. The circuit court affirmed the discharge of Washington on September 4, 1984. This appeal followed.

Washington's claim of lack of jurisdiction because of his discharge for an earlier offense is based on the following.

On August 15, 1980, Washington engaged in sexually suggestive and unprofessional conversation with a woman motorist after making a traffic stop. After a hearing, the hearing officer on May 8, 1981, found against Washington. Following a hearing in aggravation and mitigation, in which the suspension for the 1978 offense was considered (*Washington v. Civil Service Com.* (1981), 98 Ill. App. 3d 49, 423 N.E.2d 1136), the hearing officer on June 3, 1981, imposed a suspension of 120 days. On August 12, 1982, the circuit court on administrative review entered an order finding that the 120-day suspension was inappropriate and ordering the commission to discharge Washington. The order specifically provided:

> "In the event that my order directing Washington's discharge by the Commission is appealed and not affirmed, I separately affirm the 120-day disciplinary suspension issued to Officer Washington."

Washington's motion to vacate was denied and his discharge became effective October 20, 1982. He filed a notice of appeal on November 17, 1982, more than eight months before the hearing officer's decision in the case at bar on August 3, 1983, and one year before Washington's November 15, 1983, complaint for administrative review in the case at bar. On December 22, 1983, this court reversed his discharge and reinstated the 120-day suspension. Rehearing was denied on January 25, 1984. (*Washington v. Civil Service Com.* (1983), 120 Ill. App. 3d 822, 458 N.E.2d 952.) This reversal was more than eight months before the circuit court's September 4, 1984, judgment affirming Washington's discharge in the case at bar.

Washington argues that his discharge in 1982 for the 1980 offense deprived the hearing officer and the commission of jurisdiction over

him, because, he claims, that after that date he was no longer a member of the Evanston police department. We disagree.

Washington was on duty as a police officer on June 16 and 17, 1982, the time of the offense in the case at bar. The order of Judge Dunne directing discharge was entered on August 12, 1982. Washington was served with the discharge order on August 17, 1982. By reason of his subsequent motion to vacate the order of August 12, the actual dismissal order of Judge Dunne did not become effective until October 20, 1982. On August 10, 1982, Washington was served with charges which resulted in the administrative hearing now under review. The first date set for hearing of those charges was September 30, 1982. After numerous continuances at Washington's request, the objection to jurisdiction was made on March 25, 1983, during the pendency of the appeal of Judge Dunne's discharge which had been commenced on November 17, 1982, by the filing of a notice of appeal.

■ The filing of that notice of appeal constituted a continuation of the trial court action, not a new case (87 Ill. 2d R. 301; *Brooks v. Goins* (1967), 81 Ill. App. 2d 12, 225 N.E.2d 707.) This was a choice freely made by Washington. His appeal prevented his discharge from becoming effective until the appeal was resolved.

■ Further, the effect of the subsequent reversal was to abrogate the judgment or order reversed and leave the case as it stood prior to the entry of the judgment or order. (*Creamer v. Police Pension Fund Board* (1979), 69 Ill. App. 3d 792, 794, 387 N.E.2d 711, *appeal denied* (1979), 79 Ill. 2d 610; *People ex rel. Scott v. Police Hall of Fame, Inc.* (1979), 69 Ill. App. 3d 501, 503, 387 N.E.2d 856, *appeal denied* (1979), 79 Ill. 2d 617; *People ex rel. Doss v. Doss* (1975), 35 Ill. App. 3d 365, 369, 342 N.E.2d 60.) This had the effect of restoring the parties to the situation which existed before the order was entered, *i.e.*, Washington was under suspension as a police officer pending charges, but subject to the jurisdiction of the commission.

■ After the reversal of Judge Dunne's order, Washington made a successful claim for his salary for the period from June 17, 1982, through August 5, 1982. His claim for payment of salary is an admission by him that he was a police officer of the city of Evanston from and after June 17, 1982, until charges were filed and he was suspended for that offense on August 5, 1982. It is apparent that Washington was counting on the reversal of Judge Dunne's discharge in order to secure reinstatement and back pay. He cannot take the inconsistent positions that the order of discharge by Judge Dunne was ineffective, but that the same discharge deprived the hearing officer of jurisdiction to proceed.

■ Washington contends that the commission was being called on to adjudicate a moot controversy because he had already been discharged because of Judge Dunne's order. We disagree that the controversy was moot. If Judge Dunne's order were reversed (as it subsequently was) then Washington had the possibility of recreating the condition as it existed prior to the commencement of that litigation—suspended for 120 days, but not discharged. (*Kern v. Chicago & Eastern Illinois R.R. Co.* (1963), 44 Ill. App. 2d 468, 195 N.E.2d 197, *appeal denied* (1964), 29 Ill. 2d 625.) By pursuing the appeal from Judge Dunne's decision, it is clear that there were valuable rights at issue and a reversal would have the power to recreate the condition as it existed at the time the litigation was commenced. Under those circumstances the mootness argument does not apply.

■ Washington further argues that because the power of the civil service commission extends only to examinations, appointments and removals (Ill. Rev. Stat. 1983, ch. 24, par. 10—1—5), it had no jurisdiction because he had already been removed by Judge Dunne's order. We disagree. The previous removal pursuant to Judge Dunne's order was rendered ineffective by Washington's appeal on November 17, 1982. The hearing officer in 1983 clearly had the authority to remove Washington based upon the evidence which he heard and which is not challenged in this appeal. If, in fact, Judge Dunne's removal order had been affirmed, Washington's status might have been different. Because Washington's appeal of Judge Dunne's order was pending at the time of the hearing, it is highly anomalous to now argue that the commission had been ousted of its jurisdiction by reason of Washington's own act.

■ Washington finally contends that the inability of the hearing officer to render any "effective relief to the plaintiff" rendered the hearing a nullity. Obviously Washington was not entitled to any effective relief unless the evidence supported his position, which it clearly did not. The hearing officer could, however, render effective relief to the city of Evanston by finding, as he did, that Washington should be discharged. That discharge would become effective in the event that the appellate court reversed Judge Dunne's ruling on appeal, as in fact it did. Only if Judge Dunne's order of dismissal had been affirmed, might Washington's claim have had some validity.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

QUINLAN, P.J., and CAMPBELL, J., concur.