KAREN ERLENBUSH, Plaintiff-Appellant, v. GREGORY W. LARGENT, Defendant-Appellee.

Fourth District    No. 4—04—0053

Opinion filed November 30, 2004.

William F. Moran III, of Stratton, Giganti, Stone & Kopec, of Springfield, for appellant.

Gerry A. Ess, of Law Office of Gerry A. Ess, of Taylorville, for appellee.

JUSTICE APPLETON delivered the opinion of the court:

Plaintiff, Karen Erlenbush, bought a house from defendant, Gregory W. Largent, and discovered it was infested with termites. She sued him for fraud, prevailed, and was awarded damages. The real-estate purchase contract provided that if one party brought "an action against the other with respect to this contract," the prevailing party was entitled to attorney fees. Interpreting that provision as encompassing only actions for breach of contract, the trial court denied plaintiff's request for attorney fees. The court found, however, that if plaintiff

were contractually entitled to attorney fees, $4,500 would be a reasonable amount. Plaintiff appeals solely from the denial of her request for attorney fees.

Though not an action on the contract, an action for fraud in the inducement is an action "with respect to" the contract. Plaintiff, the prevailing party, is contractually entitled to attorney fees. Therefore, we reverse the trial court's judgment and remand this case with directions to (1) award her an additional $4,500 and (2) determine and award her the reasonable attorney fees she has incurred since filing her affidavit of attorney fees on April 4, 2003.

## I. BACKGROUND

Plaintiff filed her four-count complaint on September 25, 2000. Count I alleged fraud through an affirmative misrepresentation. She alleged defendant had induced her to buy the house on July 30, 1999, by falsely telling her "the premises were not currently infested with termites and had not been previously damaged by termite infestations." Count II alleged fraud through a failure to disclose the termite problem. Count III alleged a violation of the Residential Real Property Disclosure Act (Disclosure Act) (765 ILCS 77/1 through 99 (West 1998)). Count IV sought a rescission of the contract.

At the conclusion of a bench trial, the trial court held that count III was time barred and that plaintiff had failed to adduce sufficient evidence to warrant the rescission she requested in count IV. Without specifically entering judgment on count I or II, the court found plaintiff had "established the elements of fraud": "Defendant was aware of problems with the main support beam and failed to disclose said damage."

Plaintiff had bought the house from defendant for $25,500 but requested compensatory damages in the amount of $42,214. Deeming that request to be excessive, the trial court awarded her $8,000 and ordered her to submit an affidavit of attorney fees.

The attorney-fee provision in the contract reads as follows:

"If either [b]uyer or [s]eller brings an action against the other with respect to this contract, the prevailing party shall be entitled to recover his reasonable attorney fees, costs[,] and expenses."

Ultimately, on the basis of that contractual provision, the trial court denied plaintiff's request for attorney fees. The court explained:

"The [p]laintiff's cause of action remains for common[-]law fraud. The elements of that claim have been established by the evidence presented by [p]laintiff. Plaintiff may no[t,] however[,] recover attorney[ ] fees under the original real[-]estate contract for sale. The attorney[-]fees provision of the contract relates to causes of action for breach of contract for sale. Plaintiff's claim for fraud arises

independently from the contract and does not give rise to attorney[ ] fees. For purposes of completing the record, the [c]ourt finds that $4,500 is a reasonable award of fees in the present case."

Plaintiff filed a motion asking the trial court to reconsider its refusal to award attorney fees to her. In denying that motion, the court explained:

"The fundamental issue raised by the request for fees is whether the action maintained by the [p]laintiff was one that related to a breach of the contract for sale. The action was for fraud and not for breach of the contract for sale. To allow an award of attorney[ ] fees in the present case would expand the traditional notion of responsibility for attorney [fees] beyond the applicable case law in Illinois. Such action by the [c]ourt would not be appropriate."

This appeal followed.

## II. ANALYSIS

■ Under the common law, the losing party in a lawsuit does not have to pay the winning party's attorney fees. *Powers v. Rockford Stop-N-Go, Inc.*, 326 Ill. App. 3d 511, 515, 761 N.E.2d 237, 240 (2001). Parties to a contract may agree otherwise, but if they do, the attorney-fee provision is strictly construed. *Powers*, 326 Ill. App. 3d at 515, 761 N.E.2d at 240; see also 4 W. Jaeger, Williston on Contracts § 602A, at 325 (3d ed. 1961) ("contractual provisions violative of an established legal concept *** are held to be of restricted application").

Because the trial court in this case found plaintiff's claim under the Disclosure Act to be time barred and declined to grant rescission, defendant disputes that plaintiff was the prevailing party. All in all, she was. The claim under the Disclosure Act merely duplicated the common-law fraud claim, in which plaintiff prevailed. Although the court denied plaintiff's request for rescission, it awarded her $8,000—almost one-third the purchase price of the house. One could not fairly characterize that victory as hollow. *Cf. Med+Plus Neck & Back Pain Center, S.C. v. Noffsinger*, 311 Ill. App. 3d 853, 861, 726 N.E.2d 687, 694 (2000) (the plaintiff was not the prevailing party because although it won a judgment on the issue of liability, it lost its claim for liquidated damages and failed to prove any actual damages). Moreover, by finding $4,500 to be a "reasonable award of [attorney] fees" to plaintiff (assuming the contract, properly interpreted, entitled her to an award of fees at all), the court implicitly declared her to be the prevailing party.

If we were reviewing the amount of attorney fees the trial court conditionally assessed, our standard of review would be deferential. *LaHood v. Couri*, 236 Ill. App. 3d 641, 648, 603 N.E.2d 1165, 1170 (1992). The amount itself, $4,500, is not at issue in this appeal.

Instead, this appeal poses the question of whether the contract, by its terms, contemplated an award of attorney fees for a successful claim of fraud in the inducement. When, as in this case, the trial court interpreted the contract as a matter of law, our standard of review is *de novo*: we interpret the contract independently, without deference to the trial court. See *Pennsylvania Life Insurance Co. v. Pavlick*, 265 Ill. App. 3d 526, 529, 637 N.E.2d 1160, 1162 (1994).

We "strictly construe" the attorney-fee provision. See *Powers*, 326 Ill. App. 3d at 515, 761 N.E.2d at 240. The supreme court has explained the term "strict construction" as follows:

> " 'Strict construction' is not a precise but a relative expression. A statute, to be construed strictly, should be confined to such subjects or applications as are obviously within its terms and purposes. In other words, it is a close and conservative adherence to the literal or textual interpretation. It is not the exact converse of 'liberal construction,' for it does not consist in giving words the narrowest meaning of which they are susceptible. *It is not violated by permitting words of the statute to have their full meaning.*" (Emphasis added.) *Warner v. King*, 267 Ill. 82, 86, 107 N.E. 837, 839 (1915).

The same rule applies when interpreting a contract. Thus, by "strictly construing" a text, one construes it to mean nothing more—but also nothing less—than the letter of the text. Although "strict construction" cleaves to the letter, it does not reduce the text to something less than the hard kernel of its meaning.

Unless the contract specially defines them, we give its words their ordinary meanings. *Dow v. Columbus-Cabrini Medical Center*, 274 Ill. App. 3d 653, 657, 655 N.E.2d 1, 4 (1995). The contract in this case does not specially define "an action *** with respect to this contract"; therefore, we give that phrase its ordinary meaning. The expression "with respect to" means "with reference to" or "in relation to." Merriam-Webster's Collegiate Dictionary 995 (10th ed. 2000). When one matter is "in reference to" another matter, it has "a bearing on [that] matter." Merriam-Webster's Collegiate Dictionary 979 (10th ed. 2000).

■ The trial court interpreted the attorney-fee provision as referring only to an "action *** related to a breach of the contract for sale." On its face, however, the provision is broader. It does not say "breach of contract." Nor does it say "an action on the contract" or "an action arising from the contract." Instead, it says "an action *** with respect to this contract." Plaintiff prevailed on the following claim: (1) defendant made a material representation of fact to her for the purpose of inducing her to enter into the contract; (2) defendant

knew the representation was false; and (3) plaintiff reasonably relied on the misrepresentation, to her detriment, by entering into the contract. See *Ainsworth Corp. v. Cenco, Inc.*, 107 Ill. App. 3d 435, 439, 437 N.E.2d 817, 821 (1982). Her action "relat[es] to or has 'a bearing on' the contract in that defendant fraudulently induced her to enter into the contract; therefore, her action is one 'with respect to [the] contract.' " Merriam-Webster's Collegiate Dictionary 979, 995 (10th ed. 2000). Pursuant to the parties' agreement, the court should have awarded plaintiff a reasonable amount of attorney fees, which the court found to be $4,500.

In addition, plaintiff argues she is entitled to the reasonable attorney fees she has incurred in prosecuting this appeal. We agree. The contract provides that if a party "brings an action against the other with respect to this contract, the prevailing party shall be entitled to recover his reasonable attorney fees." An appeal is a continuation of the same action. *Washington v. Civil Service Comm'n*, 146 Ill. App. 3d 73, 76, 496 N.E.2d 1109, 1111 (1986). Because "the amount of attorney fees *** on appeal [is] more properly determined upon a petition and evidentiary hearing in the trial court [citation], we remand the cause for such petition and evidentiary hearing." *Exchange National Bank of Chicago v. Sampson*, 186 Ill. App. 3d 969, 976, 542 N.E.2d 1303, 1308 (1989); see also *Wilmette Partners v. Hamel*, 230 Ill. App. 3d 248, 265-66, 594 N.E.2d 1177, 1190 (1992) (endorsing the same procedure for assessing attorney fees incurred on appeal).

## III. CONCLUSION

For the foregoing reasons, we reverse the trial court's judgment and remand this case with directions to award plaintiff an additional $4,500, representing the reasonable attorney fees she has incurred through April 4, 2003, and also to determine and award to her the reasonable attorney fees she has incurred in this matter since that date.

Reversed and remanded with directions.

COOK and McCULLOUGH, JJ., concur.