2021 IL App (1st) 200030-U

SIXTH DIVISION
February 5, 2021

No. 1-20-0030

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| DAVID GRAHAM, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 L 9898 |
| | ) | |
| VILLAGE OF DOLTON and ROBERT COLLINS, JR., | ) | Honorable |
| | ) | James E. Snyder |
| Defendants | ) | Judge, presiding. |
| | ) | |
| (Village of Dolton-Appellee). | ) | |

_____

JUSTICE CONNORS delivered the judgment of the court.
Presiding Justice Mikva and Justice Oden Johnson concurred in the judgment.

¶ 1    *Held*:   The circuit court's order granting plaintiff's petition for attorney fees and costs, in part, is reversed; reversed and remanded with directions.

¶ 2    Defendant, Village of Dolton, appeals the circuit court's order that granted in part and denied in part the petition of plaintiff, David Graham, for attorney fees and costs, and found that plaintiff was entitled to $100,000 in attorney fees and costs. Defendant argues that the circuit court erred when it granted plaintiff's petition for attorney fees and costs because the settlement

agreement between the parties did not constitute a contractual undertaking on its part to pay plaintiff's attorney fees. Defendant requests that we remand this case to the circuit court to address the issue of whether plaintiff is entitled to fees pursuant to a statute. Plaintiff cross-appeals the circuit court's order that denied in part his petition for attorney fees and costs, arguing that the court erred when it reduced his request for attorney fees by 40%. We agree with defendant and reverse and remand to the circuit court because the settlement agreement between the parties did not contain a contractual fee-shifting provision with respect to the underlying action. Given our disposition, we need not address plaintiff's argument on cross-appeal that the court erred when it reduced his requested fees and costs.

¶ 3                                      I. BACKGROUND

¶ 4      In September 2017, plaintiff filed a complaint against defendants, Village of Dolton and Robert Collins, Jr., the Chief of Police of the Village of Dolton. Collins is not a party to this appeal. Plaintiff alleged as follows. In August 2013, he suffered a severe hand injury while on duty, and in October 2014, he suffered head and neck injuries while on duty. He received medical treatment for both injuries and was required to take intermittent leave from duty. He never took more than one year off of duty for either injury. Beginning in 2010, plaintiff made whistleblower complaints to the Federal Bureau of Investigation and Cook County Public Corruption and Financial Crimes Unit with respect to suspected violations of law committed by officials and officers within the Village of Dolton. After Collins was appointed Chief of Police in 2015, plaintiff made additional whistleblower complaints to Collins.

¶ 5      In June 2017, plaintiff's treating physician ordered plaintiff to stay off duty due to the head injury from 2014 until he received medical clearance to return. In September 2017, Collins informed plaintiff that he did not have any benefit time remaining and deducted plaintiff's sick

and benefit time for the time plaintiff was off work. Plaintiff subsequently informed Collins that his duty-related injuries were covered under the Illinois Public Employee Disability Act (5 ILCS 345/1 *et. seq.* (West 2018)) and that defendant should give him back any benefit or sick time that it had previously deducted. Thereafter, defendant did not pay plaintiff his regularly salary or benefits.

¶ 6 Plaintiff alleged five claims, including retaliation in violation of the Illinois Whistleblower Act (740 ILCS 174/15(b) (West 2018)) and violations of the Illinois Public Employee Disability Act (Employee Disability Act) (5 ILCS 345/1(b) (West 2018)) the Illinois Wage Payment and Collection Act (Wage Payment and Collection Act) (820 ILCS 115/3, 115/4 (West 2018)) against the Village of Dolton and Collins. Plaintiff also alleged that he was entitled to attorney fees under the Attorneys Fees in Wage Actions Act ((705 ILCS 225/1 West 2018)).

¶ 7 In July 2019, plaintiff, defendant, and Collins entered into a settlement agreement. The agreement stated that defendant and Collins denied the allegations in the complaint and that the parties desired to settle the case. Section one of the agreement stated that, upon execution of the agreement, Graham would be "placed on a paid leave of absence pursuant to 5 ILCS 345/1 *et seq.* (the ''[Employee Disability Act] Leave')" and that the "[Employee Disability Act] Leave shall commence retroactive to May 1, 2019, and continue for 14 months." In subsection C of that section, it stated that "[a]though the [Employee Disability Act] Leave payments are being made now, they are for entitlements from a 2016 leave period attributable to an on-duty hand injury, and for the one-year leave which commenced on 7-1-17."

¶ 8 In section two of the agreement it stated that plaintiff had a claim for line-of-duty disability that was pending before the Dolton Police Pension Board and that the parties agreed that plaintiff's "line-of-duty disability should be retroactive to July 1, 2017, subject only to a credit for [Employee

Disability Act] Leave payments provided for hereinabove in accordance with 5 ILCS/345-1(d) ('Any person with a disability receiving compensation under the provisions of this Act shall not be entitled to any benefits for which he would qualify because of his disability under the provisions of the Illinois Pension Code.')." In this section, the agreement also stated that upon execution of the agreement, defendant would withdraw its appearance in the pending pension board proceeding.

¶ 9 Section four of the agreement stated as follows:

"In consideration of the foregoing, [plaintiff] releases [defendants] from any and all claims arising out of [plaintiff's] employment relationship with the Village that were brought or could have been brought as part of this proceeding, but specifically excluding and reserving all claims pending before the Illinois Workers Compensation Commission subject to Section 5 hereinbelow and subject to [plaintiff's] right to enforce the terms of this Agreement."

Section five, which was entitled "Dismissal Order; Petition For Costs and [Attorney] Fees" stated as follows:

"The parties shall enter an Agreed Order of Dismissal pursuant to the Settlement Agreement. The court shall retain jurisdiction for purposes of allowing [plaintiff] to file a Petition seeking to recover his costs and [attorney] fees. The parties shall provide an Agreed Briefing Schedule. The Parties acknowledge that [plaintiff] is the prevailing party for purposes of his petition for [attorney] fees and costs."

Section six, which was entitled "Enforcement," stated: "If either party is forced to file an action for breach of this agreement, the prevailing party will be entitled to his/its reasonable [attorney] fees incurred in enforcing this agreement."

¶ 10    Plaintiff subsequently filed his petition for attorney fees and costs. He argued he was entitled to attorney fees and costs under the Wage Payment and Collection Act because he was the prevailing party. Plaintiff also contented that because he was entitled to Employee Disability Act benefits pursuant to the settlement agreement, he was entitled to attorney fees under both the Attorney Fees in Wages Actions Act and the Wage Payment and Collection Act, which was amended in 2011 to allow claimants to recover attorney fees directly without the need to rely on the Attorney Fees in Wages Actions Act. Plaintiff cited provisions in the Employee Disability Act and the Wage Payment and Collection Act to support his position that he was entitled to attorney fees.

¶ 11    Plaintiff cited section 345/1 of the Employee Disability Act, which states in part as follows:

"Whenever an eligible employee suffers any injury in the line of duty which causes him to be unable to perform his duties, he shall continue to be paid by the employing public entity on the same basis as he was paid before the injury, with no deduction from his sick leave credits, compensatory time for overtime accumulations or vacation, or service credits in a public employee pension fund during the time he is unable to perform his duties due to the result of the injury, but not longer than one year in relation to the same injury." 5 ILCS 345/1(b) (West 2018).

Plaintiff cited section 14(a) of the Wage Payment and Collection Act, the provision regarding attorney fees, and section 2 of the Wage Payment and Collection Act, the provision defining "wages." Section 115/14(a) states as follows:

"Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover *** in a civil

action ***. In a civil action, such employee shall also recover costs and all reasonable [attorney] fees." 820 ILCS 115/14(a) (West 2018).

Section 115/2 of the Wage Payment and Collection Act states:

> "For all employees, other than separated employees, 'wages' shall be defined as any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." 820 ILCS 115/2 (West 2018).

Plaintiff asserted that the Employee Disability Act benefits are considered "wages" as defined in the Wage Payment and Collection Act such that he was entitled to attorney fees. Plaintiff also argued, *inter alia*, that any perceived disparities between the requested fees and judgment amount do not warrant any reductions, counsel's hourly rate was reasonable, and the requested costs were reasonable and necessary to prosecute the case. Plaintiff requested $133,257 in attorney fees and $13,301.11 in costs.

¶ 12    In response, defendant argued that under the American Rule, absent contractual authority, each party to litigation must bear his own attorney fees. It argued that statutes permitting the recovery of attorney fees are in derogation of common law and must be strictly construed. Defendant asserted that the Employee Disability Act did not provide an award of attorney fees for the prevailing party and that he was not entitled to recover fees under the Attorney Fees in Wages Actions Act. He argued that under the Attorney Fees in Wages Actions Act , a party is only entitled to attorney fees in cases involving "wages earned and due" and that the Employee Disability Act benefits are not considered "wages" because they do not compensate employees for work "actually performed." Defendant cited section 225/1 of the Attorney Fees in Wages Actions Act, which states:

"Whenever a mechanic, artisan, miner, laborer, servant or employee brings an action for wages earned and due and owing according to the terms of the employment, and establishes by the decision of the court or jury that the amount for which he or she has brought the action is justly due and owing, and that a demand was made in writing at least 3 days before the action was brought, for a sum not exceeding the amount so found due and owing, then the court shall allow to the plaintiff a reasonable attorney fee of not less than $10, in addition to the amount found due and owing for wages, to be taxed as costs of the action." 705 ILCS 225/1 (West 2018).

Defendant argued that even if plaintiff was entitled to attorney fees under the Attorney Fees in Wages Actions Act, he was not entitled to an award because he did not meet the statutory requirements to be awarded fees, as the case was not decided by a court or jury and he did not submit a written demand to the Village. Defendant also argued that if the circuit court found plaintiff was entitled to fees, his fee demand should be substantially reduced.

¶ 13    In reply, plaintiff asserted that defendant only argued that plaintiff was not entitled to attorney fees under the Attorney Fees in Wages Actions Act and did not argue that he was not entitled to attorney fees under the Wage Payment and Collection Act. He asserted that his fee petition was brought under the Wage Payment and Collection Act, which supersedes the Attorney Fees in Wages Actions Act and permits claimants to recover attorney fees directly. Plaintiff argued that the Employee Disability Act payments are "wages" under the Wage Payment and Collection Act and the Attorney Fees in Wages Actions Act such that he was entitled to attorney fees under both statutes. Plaintiff asserted that defendant waived any challenge to plaintiff's individual time entries and costs attached to his petition because defendant did not challenge the reasonableness of any of his time entries or costs in its response. Plaintiff further argued, *inter alia*, that his

recovery was substantial, the amount recovered did not warrant a reduction in attorney fees, and there was no basis for the circuit court to reduce his claimed fees.

¶ 14    The circuit court granted plaintiff's petition for fees in part. In the court's written order, it noted that "[o]ordinarily, the losing party in a lawsuit cannot be required to pay [attorney] fees to the winning party" and that "there is an exception to the rule: provisions in contracts for award of [attorney] fees will be enforced by the courts." The court then stated as follows:

> "The Court finds that Plaintiff is entitled to [attorney] fees and costs. In the settlement agreement, the parties agreed that Plaintiff was the prevailing party and could file a petition seeking [attorney] fees and costs. Defendant does not object to the rate of Plaintiff's attorney or paralegal and the Court finds that the rate charged is customary. The Court has further examined Plaintiff's fee petition as regards the skill and standing of Plaintiff's attorney, the nature of the case, the novelty of the issues, the significance of the case, the degree of responsibility, the benefit of the client and the reasonable connection between the fees sought and the amount involved in the litigation. After review, the Court finds that Plaintiff is entitled to reasonable [attorney] fees and costs in the amount of $100,000.00."

The court entered judgment for attorney fees and costs in favor of plaintiff and against defendant in the amount of $100,000. This appeal followed.

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, defendant argues that the circuit court erred when it concluded that the settlement agreement constituted a contractual undertaking on its part to pay plaintiff's attorney fees. It argues that the court's order made no explicit finding as to which provision in the agreement constituted the contractual undertaking and that the "prevailing party" language in the agreement

did not constitute an undertaking by defendant to pay plaintiff's attorney fees. Defendant requests that we reverse the circuit court's decision and remand the matter for the circuit court to consider the statutory issue regarding whether plaintiff is entitled to fees pursuant to a statute. Defendant argues that even if we decide to consider the statutory issue rather than remand to the circuit court to review the issue, plaintiff is not entitled to attorney fees because the Employee Disability Act benefits recovered by plaintiff pursuant to the settlement agreement are not considered "wages" under the Attorney Fees in Wages Actions Act or the Wage Payment and Collection Act such that he is entitled to attorney fees under either statute.

¶ 17    Illinois follows the American Rule under which a party is responsible for his own attorney fees. *Geisler v. Everest National Insurance Co.*, 2012 IL App (1st) 103834, ¶ 86. The American Rule "prohibits prevailing parties from recovering their attorney fees from the losing party, absent express statutory or contractual provisions." *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 64. We must strictly construe a contractual provision for attorney fees " 'to mean nothing more—but also nothing less—than the letter of the text.' " *Bright Horizons Children's Centers, LLC v. Riverway Midwest II, LLC,* 403 Ill. App. 3d 234, 254 (2010) (quoting *Erlenbush v. Largent*, 353 Ill. App. 3d 949, 952 (2004). We review *de novo* the construction of a contract's fee-shifting provision because it presents a question of law. *Id.* at 255.

¶ 18    Here, the parties' settlement agreement does not contain a fee-shifting provision that expressly provides that the parties agreed that defendant would pay plaintiff's attorney fees in the underlying action. Section five of the settlement agreement states that the "[p]arties acknowledge that [plaintiff] is the prevailing party for purposes of his petition for [attorney] fees and costs." Although this provision provides that plaintiff is the prevailing party for purposes of his fee

petition, it does not expressly provide that the parties agreed that plaintiff, as the prevailing party, is entitled to recover attorney fees from defendant in the underlying action.

¶ 19    Plaintiff asserts that "[i]n reality, the entire Agreement constituted a contractual undertaking and the circuit court quoted language of the Settlement Agreement that it relied upon." We disagree. The circuit court's written order cited section five of the agreement which, as previously discussed, does not expressly provide that defendant would pay plaintiff's attorney fees in the underlying action. We note that, unlike section five, in section six of the agreement, the parties did expressly set forth which party would be responsible for attorney fees if either party is forced to file an action for breach of the agreement, as it states: "If either party is forced to file an action for breach of this agreement, the prevailing party will be entitled to his/its reasonable [attorney] fees incurred in enforcing this agreement." Thus, if a party is forced to file a breach of contract action, the agreement provides that the prevailing party in that action would be entitled to reasonable attorney fees. Because this case is not an enforcement action, section six of the agreement does not apply.

¶ 20    The settlement agreement does not contain an express contractual provision that provides that defendant would pay plaintiff's attorney fees in the underlying action. We therefore disagree with the circuit court that plaintiff, as the prevailing party for purposes of the fee petition, is entitled to recover attorney fees and costs from defendant under the settlement agreement. The circuit court did not address plaintiff's arguments that he is entitled to attorney fees under the Wage Payment and Collection Act. Thus, we remand this matter to the circuit court with directions to address the issue of whether plaintiff is entitled to attorney fees and costs pursuant to a statute. Because we are reversing the circuit court's order that found that plaintiff is entitled to attorney fees pursuant to the settlement agreement and remanding to the circuit court to address the statutory issue, we

- 10 -

need not address plaintiff's cross-appeal argument that the circuit court erred when it reduced his requested fees and costs by 40%.

¶ 21                                    III. CONCLUSION

¶ 22     For the reasons explained above, we reverse and remand with directions to consider whether plaintiff is entitled to attorney fees pursuant to a statute.

¶ 23     Reversed and remanded.