2022 IL App (2d) 210770-U
No. 2-21-0770
Order filed December 22, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| A+ HOME IMPROVEMENT COMPANY, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 16-CH-1818 |
| | ) | |
| JOHN RAMOS, JR., UNKNOWN OWNERS, | ) | |
| AND NON-RECORD CLAIMANTS, | ) | Honorable |
| | ) | Bonnie M. Wheaton, |
| Defendants-Appellants. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Presiding Justice McLaren and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Trial court's judgment was not void due to the plaintiff's failure to join a necessary party because that party had notice of the proceedings and her material rights were protected by the named party; trial court did not err in ordering that money the defendant had deposited with the clerk of the court in satisfaction of judgment be turned over to the plaintiff.

¶ 2   The plaintiff, A+ Home Improvement Company, placed a lien on the defendant John Ramos' property after John failed to pay for repairs to his roof. Following a trial, the circuit court of Du Page County entered a judgment of foreclosure in the plaintiff's favor. John's attorney subsequently deposited money with the clerk of the court to satisfy the judgment, which was

ultimately turned over to the plaintiff. On appeal, John argues that the foreclosure judgment is void because the plaintiff failed to join a necessary party—his wife, Grace Ramos. John also argues that the trial court erred in ordering that his funds be turned over to the plaintiff because he did not authorize his attorney to deposit those funds with the clerk of the court. For the following reasons, we affirm and remand with instructions.

¶ 3                                                 I. BACKGROUND

¶ 4       On March 29, 2016, John and Grace entered a contract with the plaintiff to repair the roof on their house. The contract listed John as the customer. Grace signed the portion of the contract that indicated it was "accepted by Homeowner." After the plaintiff completed the work, John refused to pay the plaintiff. The plaintiff thereafter filed a mechanic's lien on the property. On December 14, 2016, the plaintiff filed a complaint to foreclose on the mechanic's lien. On March 7, 2017, the plaintiff filed an amended complaint. The mechanic's lien and complaints specifically referred only to John.

¶ 5       On July 7, 2017, John filed an answer and counterclaim. In his answer, he acknowledged that he was the owner of the property at issue. In his counterclaim, he asserted that he entered a contract with the plaintiff to replace the roof on his house. He asserted that the plaintiff breached the contract by installing the roof in a "negligent and slip shod manner" that failed to pass inspection by the Village of Bartlett. John therefore requested that he be awarded damages in the amount of the cost to replace the roof that the plaintiff had negligently installed.

¶ 6       On April 18, 2019, following a trial, the trial court awarded the plaintiff the contract amount of $22,500 plus interest at the rate of 10% per annum under the Mechanics Lien Act (770 ILCS 60/1 to 39 (West 2016)) and attorney fees and court costs. The trial court entered judgment in the

plaintiff's favor on John's counterclaim. On July 22, 2019, the trial court awarded the plaintiff $26,753.02 in attorney fees and costs.

¶ 7 On October 3, 2019, the trial court entered a judgment of foreclosure in the amount of $49,293.02 on the plaintiff's mechanic's lien.

¶ 8 On October 30, 2019, John's attorney filed a petition requesting that he be allowed to deposit the sum of $49,694.30 with the clerk of the court and that the plaintiff be ordered to execute a release of its lien and a satisfaction of judgment. On December 11, 2019, the plaintiff filed a response to the petition, asserting that it was entitled to additional attorney fees.

¶ 9 On January 27, 2020, Grace filed a petition to vacate the judgment. She asserted that she was not served with any statutory notice even though she was a necessary party to the action, as she had a vested interest in the subject property as John's wife. She acknowledged that John is the sole record owner of the property and that her name was not listed on the title. Alternatively, Grace asked to be allowed to intervene in the proceedings.

¶ 10 In response, the plaintiff argued that Grace's petition should be denied because she did not identify any material rights in the property that she possessed. The plaintiff also asserted that Grace was in court every day during the trial and was present almost every day the case was before the court after trial. Grace did not contest the plaintiff's assertion in her reply in support of the petition to vacate or intervene.

¶ 11 On October 2, 2020, the trial court denied Grace's petition.

¶ 12 On April 14, 2021, the plaintiff filed a motion requesting that the clerk of the court be directed to release the fund on deposit in partial satisfaction of judgment. On May 12, 2021, John filed a response, arguing that the funds should not be turned over because (1) John had not

authorized his attorney to deposit the funds and (2) the underlying judgment was void because the plaintiff had failed to join Grace, who was a necessary party.

¶ 13    On June 1, 2021, the trial court granted the plaintiff's motion for turnover of funds as partial satisfaction of the foreclosure judgment. On June 30, 2021, John filed a motion to reconsider. On December 1, 2021, the trial court denied the motion and made a finding pursuant to Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just reason to delay enforcement or appeal. John thereafter filed a timely notice of appeal.

¶ 14                                   II.  ANALYSIS

¶ 15    John's first contention on appeal is that the October 3, 2019, judgment of foreclosure is void because Grace, a necessary party, was not joined as a party defendant. John insists that Grace was a necessary party because (1) she was the one who signed the contract and (2) she has homestead rights in the property. He therefore argues that because Grace should have been included in litigation from the start, and was not, the foreclosure judgment and all subsequent orders are void.

¶ 16    A necessary and indispensable party is one whose presence in the litigation is required (1) when a substantial interest of an absent party will be affected by a judgment entered in his or her absence; or (2) to reach a decision which will protect the interests of the parties before the court; or (3) to allow the court to resolve completely the controversy. *State Farm Mutual Automobile Insurance Co. v. Haskins*, 215 Ill. App. 3d 242, 245 (1991). A court lacks jurisdiction to enter an order or judgment which affects the rights of a party not properly before the court. *Id.* An order entered by a court without jurisdiction over a necessary party is null and void. *Id.*

¶ 17    Neither John nor Grace raised this issue before judgment. When an objection to the nonjoinder of a necessary party is first raised after judgment, it will be rejected unless the absent

party was deprived of material rights without being heard or the absent party's interests in the litigation are so interconnected with the named parties' interests that the presence of the absent party is absolutely necessary. *Davidson v. Comet Casualty Co.* 89 Ill. App. 3d 720, 725 (1980).

¶ 18 Here, Grace was not deprived of any material rights as John raised the same argument that she would have raised to defeat the plaintiff's lien—that the plaintiff did not perform quality work and thereby breached the contract. See *Caparos v. Morton*, 364 Ill. App. 3d 159, 176 (2006) (a party need not be joined if her interests are adequately represented by another party in front of the court). As the trial court rejected this argument, however, it does not matter whether it was raised by John or Grace.

¶ 19 Grace was also not deprived of any due process rights as she was aware of the proceedings on the lien claim. See *Contract Builders Service Corp. v. Eland*, 101 Ill. App. 3d 366, 370 (1981) (there is no denial of due process in a mechanics lien foreclosure if the absent party was aware of the lien claim and the proceedings and could have intervened but did not). Her knowledge of the proceedings is evident because she testified at trial on John's behalf and was present throughout the trial proceedings.

¶ 20 John insists that Grace needed to be joined as a party to protect her homestead rights in the property. This is an argument that John could have raised at trial. His failure to do so therefore constitutes forfeiture. *Boumenot v. North Community Bank*, 137 Ill. App. 3d 137, 146 (1992). Even overlooking forfeiture, John's argument is without merit because Grace's own pleadings acknowledge that she did not own an interest in the property necessary to support a homestead claim. *First State Bank v. Leffelman*, 167 Ill. App. 3d 362, 366 (1988). We therefore reject John's argument that Grace was a necessary party.

¶ 21    John's second contention on appeal is that the trial court should not have ordered that the money he placed on deposit with the clerk of the court be turned over to the plaintiff. Specifically, John argues that (1) he did not authorize the attorney who deposited funds with the clerk to do so; (2) the trial court's turnover order improperly granted relief not requested by the plaintiff; (3) there was no money judgment entered against him; (4) the foreclosure judgment was not final; and (5) and the order denying his motion for reconsideration was not final. All these arguments are without merit.

¶ 22    On November 1, 2019, John's attorney filed a motion requesting leave to deposit funds with the clerk of the court. On November 13, 2019, in John's presence, the trial court granted the motion and John's attorney deposited the funds the next day. John acknowledges that there is nothing in the record from this time that indicates he opposed his attorney's actions. Indeed, when John subsequently sought to withdraw his petition for satisfaction, he did not assert at a February 21, 2020, hearing that the attorney acted without authority but instead acknowledged that the attorney had represented him. It was not until May 12, 2021, that John complained the attorney had not been authorized to act on his behalf. Based on this record, there is nothing to disturb the trial court's determination that John authorized his attorney to deposit the money with the clerk. Indeed, it strains credulity that John would have given his attorney $49,694.30, have been in court when his attorney informed the trial court that the money was being deposited with the clerk of the court as satisfaction of the judgment against John, and then wait over 18 months to complain that his attorney did not actually represent him.

¶ 23    John's contention that the trial court's turnover order improperly granted relief not requested by the plaintiff and that there was no money judgment entered against him is refuted by the record. The record reveals that the trial court's judgment of foreclosure awarded the plaintiff

$49,293.02. The plaintiff subsequently filed a motion requesting that that the clerk of the court be ordered to release the funds to the plaintiff. As John's arguments are contradicted by the record, they lack merit.

¶ 24 Further, John's insistence that the relevant orders were not final is without merit because the trial court made the requisite findings pursuant to Rule 304(a). See *In re Marriage of Verdung*, 126 Ill. 2d 542, 555 (1989) (a foreclosure judgment becomes final when the court makes a finding pursuant to Supreme Court Rule 304(a)).

¶ 25 As a final matter, the plaintiff requests that we remand this matter to the trial court so that, pursuant to the prevailing-party provision in the contract, it may be awarded the reasonable attorney fees incurred in the trial proceedings since the July 22, 2019, award and in defending the appeal. Under the rule in *Erlenbush v. Largent*, 353 Ill. App. 3d 949, 953 (2004), an appeal is a continuation of the litigation for purposes of awarding fees under a fees clause in a contract. The *Erlenbush* court thus concluded that the prevailing party on appeal was entitled to fees under such a clause. *Erlenbush*, 353 Ill. App. 3d at 953. Further, reviewing prior cases, it concluded, "Because 'the amount of attorney fees * * * on appeal [are] more properly determined upon a petition and evidentiary hearing in the trial court [citation], [the reviewing court should] remand the cause for such petition and evidentiary hearing.' " *Id.* at 953, (quoting *Exchange National Bank of Chicago v. Sampson*, 186 Ill. App. 3d 969, 976 (1989), and citing *Wilmette Partners v. Hamel*, 230 Ill. App. 3d 248, 265-66 (1992)). We agree with the *Erlenbush* court on both points. We therefore remand so that the plaintiff be allowed to file a petition in the trial court under the contract's fees clause.

¶ 26 III. CONCLUSION

¶ 27    For the reasons stated, we affirm the judgment in favor of the plaintiff. We further remand the cause to the trial court to permit the plaintiff to file a petition under the fees clause of the contract for its fees and costs on appeal.

¶ 28    Affirmed and remanded with instructions.